IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRIENDS OF BLUE MOUND STATE
PARK,

    Plaintiff,

v.                                                Case No. 21CV676

WISCONSIN DEPARTMENT OF
NATURAL RESOURCES, ET AL.,

    Defendants.

---

## **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Melissa VanLanduyt, Steven Schmelzer and the Wisconsin Department of Natural Resources (DNR), by their attorneys, Attorney General Joshua L. Kaul and Assistant Attorney General Gesina Seiler Carson, respond to Plaintiff's complaint as follows:

### **OVERVIEW**

1.     Defendants AFFIRMATIVELY ALLEGE this allegation states a conclusion of law to which no response is required and therefore DENY.

2.     Defendants DENY.

3.     Defendants DENY.

4.     Defendants DENY.

5.     Defendants DENY.

6. Defendants ADMIT the August 5, 2021 meeting occurred; DENY the remainder.

7. Defendants ADMIT they denied making threats; DENY the remainder.

8. Defendants DENY Plaintiff is entitled to any of the relief that it seeks.

9. Defendants DENY Plaintiff is entitled to any of the relief that it seeks.

10. Defendants DENY Plaintiff is entitled to any of the relief that it seeks.

## THE PARTIES

11. Defendants ADMIT Plaintiff is a non-profit organization; lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's size and therefore, DENY.

12. Defendants ADMIT Plaintiff and the DNR have an active Wis. Admin. Code § NR 1.71 Friends Agreement; AFFIRMATIVELY ALLEGE the Friends Agreement speaks for itself.

13. Defendants ADMIT.

14. Defendants DENY Plaintiff's characterization and AFFIRMATIVELY ALLEGE the Friends Agreement paragraph 2A states that the Plaintiff must limit its official and fundraising activities to those that benefit the park and the DNR.

15. Defendants ADMIT the Friends Group has raised money to assist the DNR and benefit the park; lack knowledge or information sufficient to form a belief as to the truth of how much money the Friends Group and individual citizens have donated and therefore, DENY; AFFIRMATIVELY ALLEGE the Plaintiff and the

DNR have successfully partnered on many projects that benefit the park and its users as alleged.

16. Defendants ADMIT.

17. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation regarding the number of volunteers or volunteer-hours spent by members of the Friends at the park.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the time any person has been a member or to the extent that individuals have been involved in Friends Group activities.

19. Defendants DENY.

20. Defendants DENY.

21. Defendants ADMIT.

22. Defendants AFFIRMATIVELY ALLEGE Schmelzer became a District Park Supervisor in February 2019 and he was promoted to the DNR Parks Director in July 2021; ADMIT the remaining allegations.

23. Defendants ADMIT.

## JURISDICTION AND VENUE

24. Defendants DENY the State Court has jurisdiction. Affirmatively allege this Court has jurisdiction following removal.

25. Defendants DENY the State Court has jurisdiction. Affirmatively allege this Court has jurisdiction following removal

26. Defendants DENY the State Court has jurisdiction. Affirmatively allege this Court has jurisdiction following removal.

27. Defendants DENY Iowa County is the appropriate venue following removal. Affirmatively allege venue is proper in this Court.

28. Defendants DENY the State Court has jurisdiction. Affirmatively allege this Court has jurisdiction following removal.

29. Defendants DENY engaging in any intimidation or threatening actions toward the Plaintiff; AFFIRMATIVELY ALLEGE any remaining allegations state a legal conclusion to which no response is required and therefore, DENY.

30. AFFIRMATIVELY ALLEGE that the Friends Group filed a Petition for Judicial Review in Dane County (Case No. 21-CV-1505) and a petition for a contested case hearing with DNR on June 25, 2021. The petitions speak for themselves. Deny that the trail was to be constructed in an ecologically sensitive area; .

31. Defendants ADMIT.

32. Defendants AFFIRMATIVELY ALLEGE the Plaintiff's petitions speak for themselves.

33. Defendants AFFIRMATIVELY ALLEGE VanLanduyt's email speaks for itself.

34. Defendants DENY.

35. Defendants DENY.

36. Defendants ADMIT the meeting was held on the date, time, and location, and attendees. DENY WDNR approved attendance.

37. Defendants DENY.

38. Defendants AFFIRMATIVELY ALLEGE that Exhibit E speaks for itself and represents a misunderstanding of the August 5, 2021 conversation.

39. Defendants AFFIRMATIVELY ALLEGE Exhibit F speaks for itself.

40. Defendants AFFIRMATIVELY ALLEGE Exhibit G speaks for itself.

41. Defendants AFFIRMATIVELY ALLEGE Exhibit H speaks for itself.

42. Defendants AFFIRMATIVELY ALLEGE that Attorney Potts sent a "Demand Letter to DNR over FOIA non-compliance" to DNR via email and U.S. Mail on September 9, 2021, and the letter speaks for itself.

43. Defendants ADMIT the first sentence; AFFIRMATIVELY ALLEGE Exhibit I speaks for itself as to the second sentence.

44. As to the first sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's investigation and therefore, DENY. In answering the remainder, AFFIRMATIVELY ALLEGE that the email at issue is found at Complaint Ex. A and speaks for itself.

45. Defendants AFFIRMATIVELY ALLEGE Exhibit A speaks for itself.

46. Defendants ADMIT Exhibit A was not produced as part of the partial response on September 14, 2021.

47. Defendants lack knowledge or information sufficient to form a belief as to from whom Plaintiff received Exhibit A; ADMIT Exhibit A was inadvertently omitted from the October 7, 2021 record release; AFFIRMATIVELY ALLEGE Exhibit J speaks for itself.

48. Defendants DENY.

49. Defendants DENY engaging in any illegal retaliatory threats or behavior; AFFIRMATIVELY ALLEGE this paragraph is argumentative and does not contain a factual allegation to which to respond and therefore, DENY.

50. Defendants DENY and AFFIRMATIVELY ALLEGE Plaintiff's counsel informed DNR's counsel of the missing email and accused the DNR of violating the public records law.

51. Defendants ADMIT.

52. Defendants AFFIRMATIVELY ALLEGE this paragraph is argumentative and does not contain a factual allegation to which to respond and therefore, DENY.

53. Defendants AFFIRMATIVELY ALLEGE this paragraph is argumentative and does not contain a factual allegation to which to respond and therefore, DENY.

## COUNT ONE – FIRST AMENDMENT AND ARTICLE I § 4 OF THE WISCONSIN CONSTITUTION

54. Defendants reallege and incorporate their responses to paragraphs 1-53 above.

55. Defendants AFFIRMATIVELY ALLEGE this allegation states a legal conclusion to which no response is required and therefore, DENY.

56. Defendants AFFIRMATIVELY ALLEGE this allegation states a legal conclusion to which no response is required and therefore, DENY.

57. Defendants DENY.

58. Defendants DENY.

59. Defendants DENY the first sentence; ADMIT the remaining allegation.

60. Defendants DENY.

**COUNT TWO – PROCEDURAL DUE PROCESS**

61. Defendants reallege and incorporate their responses to paragraphs 1-60 above.

62. Defendants AFFIRMATIVELY ALLEGE this allegation states a legal conclusion to which no response is required and therefore, DENY.

63. Defendants ADMIT Plaintiff has filed two petitions for judicial review; AFFIRMATIVELY ALLEGE Plaintiff's petitions for judicial review speak for themselves; DENY the remaining allegation.

64. Defendants DENY.

65. Defendants AFFIRMATIVELY ALLEGE this allegation states a legal conclusion to which no response is required and therefore, DENY.

66. Defendants DENY.

67. Defendants DENY.

68. Defendants DENY.

**COUNT THREE – WISCONSIN OPEN RECORDS LAW**

69. Defendants reallege and incorporate their responses to paragraphs 1-68 above.

70. Defendants AFFIRMATIVELY ALLEGE this allegation states a legal conclusion to which no response is required and therefore, DENY.

71. Defendants DENY.

72. Defendants DENY.

73. Defendants hereby deny any other allegation that is not specifically answered herein.

## RELIEF REQUESTED

1. Defendants DENY threatening the Plaintiff; DENY Plaintiff is entitled to any of the relief that it seeks.

2. Defendants DENY threatening or retaliating against Plaintiff; DENY Plaintiff is entitled to any of the relief that it seeks.

3. Defendants DENY violating the Open Records Law; DENY Plaintiff is entitled to any of the relief that it seeks.

4. Defendants DENY Plaintiff is entitled to any of the relief that it seeks.

5. Defendants DENY Plaintiff is entitled to any of the relief that it seeks.

6. Defendants DENY Plaintiff is entitled to any of the relief that it seeks.

## JURY DEMAND

1. Defendants demand a trial by jury.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's Due Process claim should be dismissed because Plaintiff has no liberty or property interest protected by the Constitution.

3. Plaintiff's Due Process claim should be dismissed because the State provides sufficient process in providing for judicial review.

4. To the extent Plaintiff requests monetary relief, Defendant DNR is entitled to sovereign immunity.

5. To the extent Plaintiff requests monetary relief, Defendant DNR is not a person under 42 U.S.C. § 1983.

6. To the extent Plaintiff seeks monetary relief, the individual Defendants sued in their official capacities are not persons under 42 U.S.C. § 1983.

7. To the extent Plaintiff alleges claims against the individual Defendants in their official capacities, these claims should be dismissed pursuant to the doctrine of sovereign immunity.

8. To the extent Plaintiff alleges claims against the individual Defendants in their individual capacities, these claims should be dismissed pursuant to the doctrine of qualified immunity.

9. Plaintiff failed to comply with Wis. Stat § 893.82 (Notice of Claim) as to any monetary claims against the individual Defendants.

10. Individual Defendants are entitled to discretionary immunity for state law claims.

11. As to Plaintiff's Open Records Law claim there may be no actual controversy to provide jurisdiction to this Court.

12. As to Plaintiff's Open Records Law claim, the claim may be moot; the records were produced before the lawsuit.

13. As to Plaintiff's Open Records Law claim, this lawsuit is not a substantial factor in obtaining the records, thus no injunctive or declaratory relief, damages, costs or fees can be awarded.

14. As to Plaintiff's Open Records Law claim, Plaintiff cannot maintain an action for punitive damages without a valid mandamus claim.

15. Plaintiff has failed to mitigate damages as required by law.

Wherefore, the Defendants deny that Plaintiff is entitled to any of the relief requested herein and respectfully request that the Court dismiss the Complaint in its entirety and award the Defendants any relief it deems just and equitable.

Dated: November 2, 2021.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/ Gesina Seiler Carson
GESINA SEILER CARSON
Assistant Attorney General
State Bar #1055162

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1672
(608) 294-2907 (Fax)
carsongs@doj.state.wi.us