UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**FRIENDS OF BLUE MOUND STATE PARK,**

      Plaintiff,

v.

**WISCONSIN DEPARTMENT OF NATURAL RESOURCES,**
**STEVEN SCHMELZER,**
**MELISSA VANLANDUYT,**

      Defendants.

Case No.  21-cv-676

---

### PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

---

Pursuant to Fed. R. Civ. P. 15(a)(2) Plaintiff FRIENDS OF BLUE MOUND STATE PARK (the "Friends"), by and through its attorneys, Perkins Coie, LLP, respectfully moves this Court for leave to file its First Amended Complaint[1] against Defendants WISCONSIN DEPARTMENT OF NATURAL RESOURCES ("WDNR"), STEVEN SCHMELZER, and MELISSA VANLANDUYT.[2]

The Friends filed its original Complaint on October 19, 2021, in Wisconsin State Court, alleging First Amendment retaliation, violation of procedural due process, and violation of Wisconsin's open records laws.

On October 26, 2021, the Defendants removed the action to this Court.

---

[1] A copy of the Friends' proposed First Amended Complaint is attached as Exhibit 1 to this Motion.
[2] The Friends' consulted with the Defendants prior to the filing of this Motion. The Defendants stated that they need time to review this Motion and the Amended Complaint before determining whether to oppose this Motion.

Through discovery, the Friends have uncovered information providing the basis for three additional claims against the Defendants: unlawful viewpoint discrimination, impermissibly vague and overbroad restrictions on the Friends' constitutionally protected speech, and a violation of Wisconsin's administrative rulemaking procedures. The Friends seek to amend their complaint to include these additional claims.

The Friends is a small nonprofit 501(c)(3) organization that has an agreement with the WDNR in accordance with Wis. Admin. Code NR § 1.71. That agreement allows the Friends to be designated as an official "friends group" that supports and assists the WDNR in providing recreational, interpretive, scientific, historical, educational, and related visitor services to enhance Blue Mound State Park.

On November 18, 2021, as part of the Friends' Public Records request, the Friends obtained an email from defendant Melissa Vanlanduyt to Diane Brusoe with a list of "points about friends groups." *See* exhibit K to the proposed First Amended Complaint. In the email, dated May 24, 2021, Defendant Vanlanduyt explains that the WDNR has "agreements with friends groups" that outline WDNR's "ability to dissolve the agreement for multiple reasons including friends groups speaking out publicly against the department." *Id.* Defendant Vanlanduyt added: "In the event that a friends group does speak out publicly against the department, it is the programs responsibility to determine the risks and opportunities associated with the friends group when determining if dissolution of the agreement is warranted." *Id.*

The Friends then discovered that the policy outlined in Defendant Vanlanduyt's May 24, 2021, email (the "Rule Against Speaking Out") represents WDNR's general policy regarding friends groups. During the June 2, 2022, deposition of Defendant Vanlanduyt, the WDNR's Natural Resources Program Manager, Ms. Vanlanduyt stated that the email represented WDNR's

position. (ECF No. 25, Dep. of M. Vanlanduyt at 55:13–56:12) Likewise, during the June 1, 2022, deposition of Defendant Schmelzer, the WDNR's Park Director, Mr. Schmelzer confirmed that the email accurately reflected the WDNR's current policy. (ECF No. 20, Dep. of S. Schmelzer at 85:2–86:7)  Similarly, Diane Brusoe, the Deputy Administrator of the WDNR Division of Fish, Wildlife, and Parks, testified during her May 3, 2022, deposition that WDNR has the ability to dissolve a friends group's agreement if the group speaks out against the WDNR. (ECF No. 24, Dep. of D. Brusoe at 116:21–117:13)

The Friends thus seek to amend the complaint to include three new claims in relation to the WDNR's Rule Against Speaking Out.

First, that the Rule Against Speaking Out violates the Friends and other similarly situated organizations' First Amendment rights because it unlawfully discriminates based on viewpoint.

Second, that the Rule Against Speaking Out violates the Friends and other similarly situated organizations' First Amendment rights because it is impermissibly vague and overbroad.

And third, that the Rule Against Speaking Out was implemented in violation of Wisconsin's rulemaking procedures.

Fed. R. Civ. P. 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  The court should grant leave unless there is evidence of undue delay, bad faith or dilatory motive for the amendment, repeated failures to cure deficiencies, undue prejudice to the Defendants, or futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

None of those circumstances applies here. The Friends are moving to amend the complaint shortly after discovering the new claims during discovery, and well in advance of the deadline for dispositive pleadings, the discovery cutoff date, and trial.

3

Additionally, the amendment would not be futile. The Rule Against Speaking Out violates the Friends First Amendment rights because it amounts to unlawful viewpoint discrimination and because it is vague and overbroad. Additionally, the Rule Against Speaking Out is an agency rule under Wis. Stat. § 227.01, but WDNR did not follow Wisconsin's rulemaking procedures when it promulgated the rule.

I.  **The Rule Against Speaking Out is a content-based restriction that discriminates based on the viewpoint of the speaker.**

The First Amendment prohibits government action "abridging the freedom of speech." U.S. Const., Amend. I. The government "has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Police Dept. of Chi. v. Mosley*, 408 U.S. 92, 95 (1972). Content-based laws are presumptively unconstitutional and must satisfy strict scrutiny—they must be narrowly tailored to serve a compelling state interest. *R.A.V. v. St. Paul*, 505 U.S. 377, 395 (1992). A regulation is content-based if a law applies to a particular speech because of the topic discussed or the idea or message expressed. *Reed v. Town of Gilbert,* 576 U.S. 155, 163 (2015).

While the government may impose certain content-based restrictions, "the government may not engage in a more invidious kind of content discrimination known as 'viewpoint discrimination.'" *Am. Freedom Def. Initiative v. Suburban Mobility Auth. for Reg'l Transp.*, 978 F.3d 481, 491 (6th Cir. 2020) (quoting *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995)). The First Amendment requires heightened scrutiny whenever the government "creates a regulation of speech because of disagreement with the message it conveys." *Sorrell v. IMS Health*, 564 U.S. 552, 566 (2011); *see also R.A.V.*, 505 U.S. at 386 ("The government may not regulate [speech] based on hostility—or favoritism—towards the underlying message

4

expressed."). Thus, a government actor cannot exclude speech merely because it criticizes the government. *Mosley*, 408 U.S. at 96.

The Rule Against Speaking Out is a content-based restriction that discriminates based on viewpoint. To determine if certain speech triggers the Rule Against Speaking Out, the WDNR must necessarily consider the topic discussed or the idea or message expressed to decide if a friends group spoke "out publicly against the department." *See Reed,* 576 U.S. at 163. Further, the Rule Against Speaking Out unlawfully discriminates based on viewpoint because it regulates only speech *against* WDNR; in other words, speech with which the WDNR disagrees. *See Sorrell*, 564 U.S. at 566. Therefore, the Rule Against Speaking Out discriminates based on viewpoint in violation of the First Amendment.

**II.     The Rule Against Speaking Out is impermissibly vague and overbroad.**

A government regulation is overbroad, and thus facially invalid, "if it prohibits a substantial amount of protected speech" relative to its plainly legitimate sweep. *Ctr. for Individual Freedom v. Madigan*, 697 F.3d 464, 476 (7th Cir. 2012) (citing *United States v. Williams*, 553 U.S. 285, 292 (2008)). The primary concern with respect to overbroad government regulation is that the regulation might chill other individuals from engaging in protected speech that the regulation appears to curtail. *Id.* A law is unconstitutionally vague if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *Ctr. for Individual Freedom*, 697 F.3d at 478–79 (quoting *F.C.C. v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012)). The vagueness doctrine is intended to ensure that regulated parties "know what is required of them so they may act accordingly" and that "those enforcing the law do not act in an arbitrary or discriminatory way." *Ctr. for Individual Freedom*, 697 F.3d at 479 (quoting *Williams*, 553 U.S. at 304). If a law fails to define proscribed conduct with sufficient definiteness such that ordinary persons cannot

5

understand what is prohibited, or it fails to establish standards to permit enforcement in a nonarbitrary, nondiscriminatory manner, the law is unconstitutionally vague. *Sherman ex rel. Sherman v. Koch*, 623 F.3d 501, 519 (7th Cir. 2010).

The Rule Against Speaking Out is both overbroad and vague because terms like "speaking out publicly" and "against" are not clearly defined. These terms allow for arbitrary and discriminatory enforcement of the rule thereby chilling individuals from engaging in protected speech. The Friends and other similarly situated organizations are left without guidance as to what speech is constrained. Indeed, not even the Deputy Administrator of the WDNR Division of Fish, Wildlife, and Parks knew whether WDNR had "a definition of what speaking out means." (ECF No. 24, Dep. of D. Brusoe at 120:20–121:3) Therefore, the Rule Against Speaking Out violates the Friends and other similarly situated organizations' First Amendment rights because it is impermissibly vague and overbroad.

**III.    The WDNR issued the Rule Against Speaking Out in violation of Wisconsin's rulemaking procedures.**

Finally, the Rule Against Speaking Out amounts to a rule under Wis. Stat. § 227.01. An agency action is a rule if it is 1) a regulation, standard, statement of policy, or general order 2) of general application 3) that has the force of law and 4) that is issued by an agency 5) to implement, interpret, or make specific legislation enforced or administered by the agency or to govern the organization or procedure of the agency. *Wis. Legislature v. Palm*, 2020 WI 42, ¶ 22, 391 Wis. 2d 497, 942 N.W.2d 900.

The Rule Against Speaking Out is a statement of general policy of WDNR with general applicability. Notably, the agency does not have to refer to a policy as a "rule" for it to fit the statutory definition of an administrative rule. *Milwaukee Area Joint Plumbing Apprenticeship Comm. v. Dep't of Indus., Labor & Human Relations*, 172 Wis. 2d 299, 493 N.W.2d 744 (Ct. App.

6

1992). Additionally, for a rule to be of general application, it does not need to apply to all persons within the state; it needs to apply to persons within a class if the class is described in general terms and new members can be added to the class. *Citizens for Sensible Zoning, Inc. v. Dep't of Nat. Res., Columbia Cnty.*, 90 Wis. 2d 804, 815–16, 280 N.W.2d 702, 707 (1979). As confirmed by the testimony of Diane Brusoe, Missy Vanlanduyt, and Steve Schmelzer during their respective depositions, the Rule Against Speaking Out is the current policy of WDNR with respect to all friends groups that have an agreement with WDNR. (ECF No. 25, Dep. of M. Vanlanduyt at 55:13–56:12; ECF No. 20, Dep. of S. Schmelzer at 85:2–86:7; ECF No. 24, Dep. of D. Brusoe 116:21–117:13)

Additionally, the Rule Against Speaking Out has the force of law because its enforcement affects the interests of individuals in a class and because termination of a friends agreement is equivalent to the denial of licensure. *See Tavern League of Wis., Inc. v. Palm,* 2021 WI 33, ¶ 21, 396 Wis. 2d 434, 957 N.W.2d 261. Further, rules do not have be published to have been considered "issued" by an agency. *See, e.g., State ex rel. Clifton v. Young*, 133 Wis. 2d 193, 200, 394 N.W.2d 769 (Ct. App. 1986). Finally, the Rule Against Speaking Out intents to govern the procedure of WDNR with respect to friends groups, and interprets Wis. Admin. Code NR § 1.71. Therefore, the Rule Against Speaking Out meets all five elements of the statutory definition of an administrative rule.

WDNR, however, did not follow the rulemaking requirements of Wisconsin Statutes Chapter 227. These requirements include preparing a statement of scope, and providing for a public notice and comment period, among others. *See* Wis. Stat. § 227.135 & 227.136. The Rule Against Speaking Out is thus in violation of Wisconsin's rulemaking procedures.

For these reasons, the Friends respectfully requests that the Court grant it leave to file its Amended Complaint.

Dated this 8th day of July, 2022.

*s/ Brian H. Potts*
Brian H. Potts
BPotts@perkinscoie.com
David R. Zoppo
DZoppo@perkinscoie.com
Jared E. Padway
JPadway@perkinscoie.com
Juan Jose Fonseca Angel
JFonsecaAngel@perkinscoie.com
Olivia S. Radics
ORadics@perkinscoie.com
33 E Main St, Ste 201
Madison, Wisconsin 53703-3095
Telephone: 608.663.7460
Facsimile: 608.663.7499

Cassie D. Roberts Riggs, *Admitted PHV*
CRoberts@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Kaela Shiigi, *Admitted PHV*
KShiigi@perkinscoie.com
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: 415.344.7000
Facsimile: 415.344.7050

**PERKINS COIE LLP**

*Attorneys for Plaintiff*
*Friends of Blue Mound State Park*