IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRIENDS OF BLUE MOUND STATE PARK,

                     Plaintiff,

  v.                                            OPINION and ORDER

WISCONSIN DEPARTMENT OF NATURAL
RESOURCES, STEVEN SCHMELZER,                     21-cv-676-jdp
and MELISSA VANLANDUYT,

                     Defendants.

---

This case arises out of another lawsuit that plaintiff Friends of Blue Mound State Park filed in state court to stop the Wisconsin Department of Natural Resources from constructing a snowmobile trail in Blue Mound State Park. The Friends group contends that the department and two of its employees—Steven Schmelzer and Melissa VanLanduyt—violated the group's rights in multiple ways after the lawsuit was filed.

First, the Friends group alleges that Schmelzer and VanLanduyt retaliated against the group by threatening to terminate the group's contract with the department unless the group dropped the lawsuit, in violation of the First Amendment, the Due Process Clause, and the Wisconsin Constitution. Second, the Friends group alleges that the department has a "rule against speaking out," which violates both the First Amendment and state law. Third, the Friends group asserts a claim under Wisconsin's open records law, alleging that the department failed to produce records related to defendants' threat to terminate the Friends group's contract with the department.

The court has resolved most of these claims as a matter of law: the court granted summary judgment to the Friends group on its claim that Schmelzer and VanLanduyt

threatened the Friends in violation of the First Amendment and the Wisconsin Constitution, and the court granted summary judgment to defendants on the due process claim and all claims challenging the alleged "rule against speaking out."[1] Three issues remain: (1) whether the Wisconsin Department of Resources violated Wisconsin's open records law; (2) if so, what relief, if any, the Friends group is entitled to for the violation; (3) what the appropriate injunctive and declaratory relief is on the First Amendment and state constitution claim.

The court concludes that the Friends group is not entitled to any relief on its open records claim because the department turned over the disputed document before the Friends group filed this lawsuit. The court will issue declaratory and injunctive relief on the retaliation claim under the First Amendment and state constitution.

ANALYSIS

**A. Open records claim**

Wisconsin's open records law requires state agencies to make public records available to anyone who requests them, subject to statutory or common-law exceptions. Wis. Stat. §§ 19.35–36; *Mastel v. School District of Elmbrook*, 2021 WI App 78, ¶ 12, 399 Wis. 2d 797, 967 N.W.2d 176. When an agency withholds a record or delays access to it, the record requester may "bring an action for mandamus asking a court to order release of the record." Wis. Stat. § 19.37(1). The court may award "damages of not less than $100 . . . if the requester prevails in whole or in substantial part" on its open records claim. Wis. Stat. § 19.37(2). The court may

---

[1] The parties did not separately discuss the Wisconsin Constitution in their summary judgment briefs, so the court assumed that the state constitutional claims rose and fell with the First Amendment claim. Dkt. 73, at 7 n.3 (citing *Lawson v. Hous. Auth. of Milwaukee*, 270 Wis. 269, 274, 70 N.W.2d 605, 608 (1955)). Neither side challenges that conclusion.

award punitive damages if the defendant "arbitrarily and capriciously denied or delayed response to a request." Wis. Stat. § 19.37(3).

The Friends group contends that the department violated the open records law by failing to produce documents responsive to an August 18, 2021 request for records related to a meeting between the Friends group and defendants on August 5, 2021. The Friends group seeks $100 in statutory damages under § 19.37(2) and $200,000 in punitive damages under § 19.37(3).

The parties dispute three issues on this claim: (1) whether the Friends group is barred from seeking relief under the open records law because the department complied with the group's request before this lawsuit was filed; (2) whether the department violated the statute when it delayed producing a responsive document; (3) whether the department's conduct meets the standard for punitive damages. The first issue is dispositive, so it isn't necessary to consider the other two.

In its summary judgment motion, the Friends group discusses only one document that the department withheld: an agenda prepared by VanLanduyt for the August 5, 2021 meeting. The Friends group says that the department should have produced that document with other documents produced in September 2021. But the group admits that the agency produced the agenda on October 8, 2021, before the Friends filed this lawsuit. That is a problem for the Friends group because a plaintiff cannot get damages under § 19.37(2) unless it "prevails in whole or in substantial part" on its claim. This means that "the party must obtain a judicially sanctioned change in the parties' legal relationship." *Friends of Frame Park, U.A. v. City of Waukesha*, 2022 WI 57, ¶ 3, 403 Wis. 2d 1, 976 N.W.2d 263.

3

In this case, the Friends group doesn't identify any change in the parties' legal relationship that the court can order, and the group ignores the *Friends of Frame Park* standard, even though defendants rely on it in their opening brief. Instead, the Friends group cites a court of appeals decision that predates *Friends of Frame Park*, in which the court stated that a "judgment or order that is favorable in whole or in part is not a necessary condition to finding that a party prevailed against an agency . . . because the purpose of the statute is to encourage voluntary compliance." *State ex rel Young v. Shaw*, 165 Wis. 2d 276, 477 N.W.2d 340, 346 (Ct. App. 1991).

The Friends group's reliance on *Shaw* is misplaced for two reasons. First, *Shaw* applied a different test from *Friends of Frame Park*, framing the question as simply whether there was a "causal nexus" between the plaintiff's lawsuit and the production of records. *Id.* Obviously, a supreme court decision from 2022 trumps a court of appeals decision from 1991. Second, even under the causal-nexus test, the Friends group is not a prevailing party because the department turned over the agenda *before* the Friends group filed this lawsuit, so the lawsuit could not have caused the department to produce the document.

In its opposition brief, the Friends group says that its open records claim is not "moot" because "the Friends simply do not trust that the documents produced to date are a complete set of responsive documents." Dkt. 98-2, at 8. The Friends group doesn't explain the implications of that statement, but the group seems to be saying that it may be entitled to more documents, so it could qualify as a prevailing party that way. But the Friends group isn't seeking an injunction on its open records claim, it doesn't identify any more documents that the department is withholding, and it offers nothing but speculation to support its allegation that

4

other responsive documents may exist. So the Friends group hasn't shown that it is a prevailing party or that it is entitled to any damages under § 19.37(2).

The parties agree that a plaintiff is not entitled to punitive damages under § 19.37(3) unless it first shows that it is entitled to actual damages under § 19.37(2). *See Cap. Times Co. v. Doyle*, 2011 WI App 137, ¶ 7, 337 Wis. 2d 544, 807 N.W.2d 666 ("[P]unitive damages may not be awarded without a threshold award of actual damages."). The Friends group hasn't shown that it is entitled to any damages under § 19.37(2), so it is not entitled to punitive damages either.

The court will grant the department's motion for summary judgment on the open records claim.

**B. Constitutional claim**

The court previously concluded as a matter of law that defendants Schmelzer and VanLanduyt had violated the Friends group's rights under the First Amendment and the Wisconsin Constitution by threatening to terminate the department's agreement with the Friends group unless it withdrew its state-court lawsuit challenging the department's decision to build a snowmobile trail in Blue Mound State Park. The court directed both sides to file briefs explaining what declaratory and injunctive relief the Friends group is entitled to on that claim, and to submit proposed judgments.

The Friends group asks for the following relief: (1) a declaration that "Defendants" violated the group's rights under the First Amendment and the Wisconsin Constitution; and (2) an injunction prohibiting "Defendants" from "making any further threats of retaliation or taking any retaliatory action against the Friends in any way related to its lawsuit against the Wisconsin Department of Natural Resources ('WDNR'), including but not limited to WDNR

terminating Plaintiff's friends agreement with the WDNR due to Plaintiff's pending lawsuits or any further lawsuits concerning Blue Mound State Park." Dkt. 80-1.

Defendants oppose any relief. First, they say that the Friends group cannot obtain declaratory or injunctive relief because there is no ongoing violation, which is a prerequisite for declaratory or injunctive relief. Second, they say that the Friends group cannot obtain injunctive relief because the group cannot satisfy the four requirements for injunctive relief.

Defendants base their first argument on *Ex parte Young*, 209 U.S. 123 (1908), which creates an exception to sovereign immunity for state officials who are sued in their official capacities for ongoing violations of federal law. But the language from *Ex Parte Young* requiring an ongoing violation isn't specific to claims involving potential sovereign immunity. Rather, that requirement exists for every claim for injunctive relief. "[A] plaintiff cannot seek an injunction absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again." *Lopez-Aguilar v. Marion Cty. Sheriff's Dep't*, 924 F.3d 375, 395 (7th Cir. 2019) (internal quotation marks omitted). Whether a violation is "ongoing" and whether there is a risk of recurrence are essentially the same question.

Defendants say that there is no risk of future injury because the department "has not terminated the Friends agreement and has no intention of doing so." Dkt. 84, at 5. But the court has already determined that Schmelzer and VanLanduyt threatened to terminate the Friends group's agreement if the group did not dismiss its state-court lawsuit. That threat is still hanging over the Friends group. The state-court lawsuit is still pending, *see* Dkt. 99, and defendants do not say that they have changed their position that they are entitled to terminate the agreement for the Friends group's alleged breach of contract. Defendants say that they have

6

"no intention" of terminating the agreement with the Friends group, but that is just a statement in a brief. In the absence of a court order, defendants point to no restrictions on their ability to terminate the agreement once this case is concluded.

"[T]he mere cessation of the conduct sought to be enjoined does not moot a suit to enjoin the conduct, lest dismissal of the suit leave the defendant free to resume the conduct the next day." *Chicago United Indus., Ltd. v. City of Chicago*, 445 F.3d 940, 947 (7th Cir. 2006). The Friends group remains under imminent threat, so the group has standing to seek injunctive relief.

The Friends group has also satisfied the requirements for granting a permanent injunction: (1) success on the merits; (2) irreparable harm; (3) that the benefits of granting the injunction outweigh the injury to the defendant; and (4) that the public interest will not be harmed by the relief requested. *Lacy v. Cook Cty., Illinois*, 897 F.3d 847, 867–68 (7th Cir. 2018). The court has already concluded that the Friends group will succeed on the merits, and the court's conclusion that the Friends group is under imminent threat of contract termination means that the Friends group faces a risk of irreparable harm without an injunction.

As for the public interest and the benefits and burdens of granting relief, defendants say that an injunction would be an undue burden because defendants have "not taken any retaliatory actions and ha[ve] no intention of doing so." Dkt. 84, at 10. This is the same argument that defendants made regarding irreparable harm, and the court rejects it for the same reason. There is no unfair burden to Schmelzer and VanLanduyt in prohibiting them from retaliating against the Frends, and it would serve the public interest to ensure that defendants follow the law.

The remaining question is what the scope of the injunction should be. The Friends group asks for all defendants to be included in the injunction, but the group already conceded in their first summary judgment brief that the department is entitled to sovereign immunity, and the court dismissed the Friends' First Amendment claim against the department. Dkt. 73, at 8, 34. The Friends did not seek reconsideration of that decision, so the Friends forfeited any claim for injunctive relief against the department itself. But Federal Rule of Civil Procedure 65(d)(2) allows the court to enjoin not just the defendants, but also the defendants' agents and anyone acting in concert with the defendants. So the court will include in the injunction all employees of the Wisconsin Department of Natural Resources.

The Friends propose language prohibiting defendants from "making any further threats of retaliation or taking any retaliatory action against the Friends in any way related to its lawsuit against the Wisconsin Department of Natural Resources ('WDNR'), including but not limited to WDNR terminating Plaintiff's friends agreement with the WDNR due to Plaintiff's pending lawsuits or any further lawsuits concerning Blue Mound State Park." Dkt. 80-1. The Friends' proposal is too broad. The scope of the injunction should track the defendant's violation. *See McCarthy v. Fuller*, 810 F.3d 456, 460 61 (7th Cir. 2015). And the injunction may not be "more burdensome to the defendant than necessary to accord complete relief to the plaintiffs." *Califano v Yamasaki,* 442 U.S. 682, 702 (1979). In this case, the only alleged retaliation is the threat to terminate the Friends' agreement with the department. The Friends group does not identify any other way that the department might retaliate against the group. A broader injunction against any "retaliation" is vague and could lead to unnecessary interference with the department's ability to maintain oversight over the Friends group. So

the court will limit the injunction to terminating the agreement or threatening to terminate the agreement.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment on the Friends group's claim under the Wisconsin open records law, Dkt. 83, is GRANTED, and the Friends group's motion, Dkt. 79, is DENIED.

2. The Wisconsin Department of Natural Resources is DISMISSED from the case.

3. It is DECLARED that defendants Steven Schmelzer and Melissa VanLanduyt violated the Friends group's rights under the First Amendment and the Wisconsin Constitution by threatening to terminate the Friends group's agreement with the Wisconsin Department of Natural Resources for filing a lawsuit challenging the department's proposed construction of a snowmobile trail.

4. In accordance with *MillerCoors LLC v. Anheuser-Busch Companies, LLC*, 940 F.3d 922, 922–23 (7th Cir. 2019), a permanent injunction is set forth in a separate document.

5. The clerk of court is directed to enter judgment and close the case.

Entered March 28, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge